Filed 6/24/26  Gonzalez-Pozos v. McNenny CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LOUIE J. GONZALEZ-POZOS, Plaintiff and Appellant, v. MICKEY MCNENNY, Defendant and Respondent. | B335578 (Los Angeles County Super. Ct. No. 23CHRO01529) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Streimer, Judge Pro Tempore.  Affirmed.

Louie J. Gonzalez-Pozos, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

Louie Gonzalez-Pozos appeals from an order denying his request for a civil harassment restraining order against Mickey McNenny after a two-day evidentiary hearing. Pozos[1] has not demonstrated error, and we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In January 2019, Pozos entered into a residential month-to-month lease with his landlord, Su McNenny. Pozos described the premises as a duplex. He lived in one part of the premises and his landlord's husband, respondent Mickey McNenny, lived in the other.

The matter before us is the second request for a civil harassment restraining order that Pozos filed against McNenny. He filed the first in April 2021, and it was denied with prejudice on May 12, 2021, after an evidentiary hearing.

In August 2023, Pozos filed the present request for a civil harassment restraining order against McNenny. After issuing a temporary restraining order, the trial court conducted a two-day hearing on October 3 and November 9, 2023.[2] Pozos represented himself, and McNenny was represented by counsel.

In his appellate briefing, Pozos does not provide a summary of the evidence both sides presented at the hearing. Rather, he sets forth a short, bullet-point outline of select testimony and exhibits he presented at the hearing, ignoring the rest of the

---

[1] We refer to appellant as "Pozos," the name by which he asked the trial court to address him at the evidentiary hearing.

[2] The record before us does not include the August 2023 restraining order request or the temporary restraining order; it does include the reporter's transcripts from the evidentiary hearing.

evidence presented in his case as well as the evidence McNenny presented. Pozos does not challenge the sufficiency of the evidence supporting the trial court's decision. He contests evidentiary rulings and the manner in which the court conducted the hearing. To provide context for his contentions on appeal, we set forth the following brief account of the parties' positions and relevant evidence presented at the hearing.

Pozos sought to testify at the hearing about events that occurred over the course of several years. On McNenny's motion, the court excluded evidence of alleged incidents that were included in Pozos's 2021 unsuccessful request for a restraining order against McNenny, based on res judicata. The court explained, "I'm only going to talk about what's in your [present] petition [for a civil harassment restraining order]."

To that end, Pozos's testimony focused mainly on events that occurred after he acquired a dog in April 2023, which he described as a "service dog." Pozos stated that his landlord—who is not a party to this action—notified him that the dog "was not allowed out of [Pozos's room] without their consent." Pozos testified: "And Mr. McNenny, on a number of occasions, he attacked me and my dog while wielding a spear and tried to stab me and my dog while yelling, 'You have no right to be here, go back to where you belong,' indicating that I don't belong anywhere except inside of my room. . . ." Pozos described the purported "spear" as a gardening tool with a long metal handle. He introduced a photo of McNenny holding the tool at his side and a photo of the tool in front of the door to McNenny's unit.

Pozos alleged in his request for a restraining order that one of the occasions when McNenny attacked him and his dog while they were sitting outside was on August 7, 2023. Pozos played a

video and an audio recording of the incident at the hearing. The court noted for the record that the only person who could be heard "screaming, yelling, and agitated" and using profanities was Pozos, which Pozos did not dispute.

McNenny's adult daughter, who testified out of order for the defense while Pozos was still presenting his case, also played a video of the August 7, 2023 incident that she recorded on her cell phone. She testified that McNenny went outside on that occasion to water the yard. After viewing the video, the court stated: "And what this video was, for purposes of the record, is the exact same video that we heard earlier, only this was taken by the daughter, respondent's daughter with her phone. The dialogue was the same as previously heard; however, the court would note for the record that the court this time was able to hear much more clearly the respondent saying in a very calm voice, 'You don't have any right to be here. I'm going to turn on the water. Make sure your dog doesn't attack me.'" Pozos did not dispute the court's description of the video. He did dispute that McNenny needed to water the yard, arguing that it was a "pretext" for McNenny to "humiliate[]" him, "abuse[]" him, or "impinge[] upon [his] rights." Pozos asserted there was "no yard" to water, "only rocks and dirt."

Pozos testified that on August 14, 2023, when he was outside with his dog, McNenny came to within 30 to 40 feet of them, wearing a "very sharp green neon shirt," "making himself visible to [the] dog," and causing the dog to become agitated. He also testified that on another occasion, when he was sitting on his porch, McNenny "aimed" a "military grade light" at him.

Pozos testified that he began attending therapy because of the stress the incidents with McNenny caused him. He also

4

claimed the incidents caused stress to his dog, resulting in separation anxiety which required dog training to resolve.

After Pozos concluded his presentation of evidence, McNenny made an oral motion for judgment under Code of Civil Procedure section 631.8.  The court denied the motion, allowing a "limited inquiry" into whether there was a need to water the yard or whether McNenny was "pretending to water an area that didn't need watering for purposes of harassing [Pozos]."

McNenny testified on direct examination that the " 'side yard,' " where incidents with Pozos and his dog occurred, contained "many, many different rose plants and all kind of other plants" that required watering.  The court reviewed photos Pozos introduced that showed the side yard.  The court limited Pozos's cross-examination of McNenny to whether there was foliage in the side yard that required watering.  Pozos conceded the photos showed foliage, but requested permission to question McNenny on other topics, which the court denied.

The court ruled without hearing closing argument, explaining that it was 4:10 p.m., and the court did not want "to bring the parties back for a third day."  After providing a summary of the evidence presented during the hearing, the court denied Pozos's request for a restraining order, finding he did not prove harassment by clear and convincing evidence.

## DISCUSSION
### A.    Applicable Law and Rules of Appellate Procedure
Under Code of Civil Procedure[3] section 527.6, "[a] person who has suffered harassment as defined in subdivision (b) may

---

[3] Undesignated statutory references are to the Code of Civil Procedure.

seek a temporary restraining order and an order after hearing prohibiting harassment as provided in this section." (§ 527.6, subd. (a)(1).) Section 527.6, subdivision (b)(3), defines " '[h]arassment' " as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." Section 527.6, subdivision (b)(1), defines " '[c]ourse of conduct,' " in relevant part, as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose . . . ."

"At the hearing, the judge shall receive any testimony that is relevant, and may make an independent inquiry. If the judge finds by clear and convincing evidence that unlawful harassment exists, an order shall issue prohibiting the harassment." (§ 527.6, subd. (i)(1).) "The ' " '[c]lear and convincing' " ' standard ' "requires a finding of high probability" ' of unlawful harassment." (*E.G. v. M.L.* (2024) 105 Cal.App.5th 688, 698.)

" ' "A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." [Citation.]' [Citation.] Thus, ' " 'it is the appellant's responsibility to affirmatively demonstrate error' " ' by ' " 'supply[ing] the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " ' " (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2023) 94 Cal.App.5th 764, 776-777.) " 'It is not our place to construct theories or arguments to undermine

the judgment and defeat the presumption of correctness.' [Citation.] Nor are we 'required to search the record on [our] own seeking error.' [Citation.] Consequently, '[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620.)

## B.     Pozos Has Not Demonstrated Error

In his appellate brief, Pozos raises five complaints about the manner in which the trial court conducted the evidentiary hearing on his request for a restraining order. We address his contentions in the chronological order in which the events occurred at the hearing, rather than the order in which Pozos presented the contentions in his brief. For the following reasons, he has shown no error.

**(1)** Pozos contends, "When [he] attempted to explain earlier events as context relevant to the alleged course of conduct, the court directed [him] to move away from the older incidents and focus on a narrower timeframe, limiting [his] ability to present the full pattern and context offered to prove harassment by course of conduct." In support of this contention, he cites the court's ruling granting McNenny's motion to exclude evidence of alleged incidents of harassment that were part of the prior request for a civil harassment restraining order that was denied with prejudice on May 12, 2021. Pozos does not explain how the court's ruling constitutes error. Nor does he describe the "earlier events" or what they would have shown in support of his request for a restraining order. Without such explication, we cannot review this contention.

**(2)** Pozos complains that the court allowed McNenny to take a witness (McNenny's daughter) out of order while Pozos

7

was testifying on direct examination. McNenny's counsel explained that the witness had "taken the entire day off" and was "very concerned," as she could not "miss another day." The trial court had discretion to regulate the order of proof (Evid. Code, § 320), and Pozos does not explain in his appellate brief how the court's accommodation of this witness constitutes error or how the outcome of his case could have been different if this witness did not testify out of order. In any event, he did not raise an objection in the trial court, and he has therefore forfeited his contention on appeal. (See *In re Carrie W.* (2003) 110 Cal.App.4th 746, 755 [" ' " 'An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the [trial] court by some appropriate method . . . .' " ' "].)

**(3)** Pozos argues that the trial court "curtailed [his] narrative explanation after video/evidence presentation and directed [him] to move on." In support of this argument, he asserts, "After evidence was presented, Appellant attempted to explain its significance, but the court cut off the explanation, stating 'That's it. We heard it,' and directed him to 'move on,' directing him to proceed without further narrative explanation, limiting [his] ability to place the evidence in context and to complete the evidentiary narrative supporting the petition." Pozos ignores what occurred immediately after the court made these statements: the court allowed Pozos to explain what he believed was a discrepancy between McNenny's daughter's testimony about the video and what the video showed. After Pozos presented the explanation, the court stated, "I'll note the discrepancy. Let's move on to the next question." Pozos

8

responded, "Thank you very much." The court allowed Pozos to have his say and make his record. He has not demonstrated error.

(4) Pozos complains that the court limited the scope of his cross-examination of McNenny to whether there was foliage in the side yard; terminated the cross-examination (after Pozos admitted the photos showed foliage); and then immediately ruled on the restraining order request without hearing closing argument because it was the end of the day. Pozos does not describe the topics he wanted to explore with McNenny or the argument he wanted to present. Nor does he explain what he expected the testimony and argument to show. Therefore, we cannot review the merits of this claim.

(5) Pozos's final contention of error is that the court "applied an incorrect legal framework" by applying "an unduly narrow view of 'harassment,' and by "failing to analyze the evidence in the full context and totality required for a course-of-conduct claim." Pozos does not set forth the standard for harassment that he believes the court should have applied. Nor does he explain "the full context" of his claim that he wanted the court to consider. Pozos has not provided enough information for us to review this contention.

In sum, Pozos's appellate brief includes a list of contentions, without factual context or legal authority to support them. He has not demonstrated error.

## DISPOSITION

The order is affirmed.  No costs are awarded on appeal.

NOT TO BE PUBLISHED

$\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ M. KIM, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.

10